**IN THE SUPERIOR COURT OF GUAM**

GUAM POWER AUTHORITY,
DB INSURANCE CO., LTD., f/k/a Dongbu
Insurance Company, and CHUBB
INSURANCE SINGAPORE LIMITED, f/k/a
ACE Insurance Limited, as subrogees of
Guam Power Authority

                  Plaintiff,

     v.

KOREA EAST-WEST POWER CO., LTD.,
PM CONTROL SYSTEMS PTE LTD.,
JOHN DOE COMPANIES 1-20, and JOHN
DOE INSURANCE COMPANIES 1-20,

                  Defendant.

Case No. CV0825-18

**DECISION AND ORDER**

**INTRODUCTION**

This matter came before the Honorable Alberto C. Lamorena, III on August 2, 2019 on submission of Korea East-West Power Co., LTD.'s ("KEWP") Motion to Stay. Plaintiffs, DB Insurance Co., LTD ("DB Insurance") and Chubb Insurance Singapore Limited ("Chubb"), are represented by Attorneys Thomas M. Tarpley and Denenberg Tuffley, PLLC. Defendant KEWP is represented by Attorney Rodney J. Jacob and Morrison & Foerster (Singapore) LLP. Defendant PM Control Systems PTE ("PM Control") is represented by Attorney Patrick G. Civille. After considering the arguments of the parties and the applicable law, the Court now

issues its Decision and Order granting in part and denying in part Defendant KEWP's Motion to Stay.

BACKGROUND

In September 2009, Guam Power Authority (GPA) issued an invitation for bid entitled, "Invitation For Multi-Step Bid, No GPA-047-09, Performance Management Contract For the Guam Power Authority Cabras Units #3 and #4 Slow Speed Diesel Power Plant." GPA and KEWP subsequently entered into an agreement for KEWP to manage, operate, maintain, and repair the Cabras Slow Speed Diesel Plant in Piti, Guam. In May 2010, GPA and KEWP executed a "Performance Management Contract for the Guam Power Authority Cabras Unit 3 & 4" ("PMC"), outlining the various obligations owed by each party in their respective performances of the contract. Of particular relevance here is Section 27.2, which requires GPA and KEWP to engage in informal dispute resolution prior to filing suit in court.

On August 31, 2015, an explosion and fire occurred which significantly damaged the GPA power plant. Following the explosion, GPA submitted claims to its various insurers. One insurer was Dongbu Insurance Company (now known as DB Insurance). Another insurer was ACE Insurance Limited (now known as Chubb). Payment was eventually made on GPA's insurance claims. Dongbu Insurance, in issuing payment to GPA, entered into a Settlement Agreement with GPA. Part of the Settlement Agreement authorized Dongbu to sue for reimbursement of the monies paid out in GPA's name. Following the Settlement Agreement, Plaintiffs, now acting in GPA's name pursuant to the agreement, contacted KEWP through counsel. KEWP, acknowledging that counsel does not act on behalf of GPA, refused to meet with Plaintiffs, indicating they will only meet with GPA.

\

After more unsuccessful attempts to communicate with KEWP, Plaintiffs filed suit in August 2018. Plaintiffs filed a First Amended Complaint ("FAC") on February 7, 2019. Plaintiffs filed a Motion for Leave to File Second Amended Complaint and Jury Demand ("Motion for SAC") on April 7, 2019. KEWP filed two motions on April 15, 2019: the Motion to Disqualify and a Motion to Stay. Plaintiffs filed oppositions to KEWP's motions on May 13, 2019. KEWP filed its Reply in Support of Stay Motion ("Reply") on May 28, 2019. Relevant to this Decision and Order are the Motion to Stay, Plaintiff's opposition to the Motion to Stay ("Opposition"), and KEWP's Reply. After hearing the arguments of the parties on August 2, 2019, the Court took the matter under advisement.

## DISCUSSION

"A trial court has authority to stay proceedings in the interest of saving time and effort for itself and litigants . . . ." *ATSA of Cal. v. Cont'l Ins. Co.*, 702 F.2d 172, 176 (9th Cir. 1983). The decision to grant a stay is not a matter of right. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, courts may exercise judicial discretion over such matters, and the decision whether to grant a stay is "dependent upon the particular circumstances of the case. *Id.* (quoting *Virginian R. Co.*, 272 U.S. at 672-73)).

The issuance of a stay is generally guided by consideration of four factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 426-27 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical." *Id.* at 434.

\

KEWP argues the four factors weigh in favor of a stay. KEWP asserts a stay should be required because (1) Plaintiffs failed to adhere to the pre-filing procedures under the PMC and (2) Plaintiffs failed to exhaust administrative remedies available to them. Motion to Stay at 10-17. Plaintiffs respond by saying (1) Plaintiffs agree that a pre-filing meeting should occur and (2) a stay should not be granted on administrative remedies grounds because the remedies asserted are not applicable to Plaintiffs. Opposition at 8-12. Both arguments are discussed in turn.

## A.     This Matter should be stayed to comply with pre-filing procedures under the PMC.

KEWP argues Plaintiffs failed to adhere to Section 27 of the PMC. Section 27 of the PMC provides that if there is any dispute arising out of the PMC. Motion to Stay at 15. Section 27 further provides that the parties "shall endeavor to meet together in an effort to resolve such dispute between them." PMC at § 27.2. Plaintiffs, in their Opposition, agree to a reasonable stay for this meeting to occur. Parties are bound to exhaust dispute resolution procedures unless they are inadequate or unavailable. *See Seal & Co., Inc. v. A.S. McGaughan Co., Inc.*, 907 F.2d 450, 454 (4th Cir. 1990). There being no objection from Plaintiffs on this issue, the Court finds this matter should be stayed for a reasonable time for the parties to convene pursuant to Section 27 of the PMC.

KEWP goes further, however, and argues not only should there be a stay to convene for the Section 27 meeting, but GPA should also be required to be the one attending that meeting, not Plaintiffs. Reply at 3. The Court disagrees. It appears KEWP misunderstands the entire nature of this litigation. As explained Part A of this Court's Decision and Order on KEWP's Motion to Disqualify, Plaintiffs bring this action in as subrogees of GPA. To be clear, GPA is not a party in its own right to this litigation. The right to sue, and in turn be sued, has been

assigned to GPA's insurers. KEWP has not explained how nor does the Court foresee any situation where KEWP risks unfair treatment during the Section 27 meeting simply by the fact that GPA will not be in attendance.

The Court further finds KEWP's argument regarding the "unlawful delegation doctrine" unpersuasive. KEWP argues an agency may not delegate public duties to private entities where objectivity may be questioned on grounds of conflict of interest. Reply at 3. KEWP has not explained what is meant by "public duties" nor how GPA's duties under the PMC qualify as such. In short, the Court finds KEWP has failed to sufficiently explain how GPA's duties are non-delegable, especially in the absence of a non-delegation clause in the PMC.

In the interest preserving the parties' resources, the Court finds a stay is the more appropriate remedy, as opposed to dismissal of this case. A stay will offer the parties a reasonable time to convene and settle the case. If the case is not settled, the use of a stay will save the parties time and money in refiling their cases.

**B.      KEWP has not met the standard for a stay to exhaust administrative remedies.**

**1.      KEWP has not made a strong showing that it is likely to succeed on the merits.**

KEWP asserts this action was filed without proper authorization. Motion to Stay at 11. KEWP argues: (1) that this case cannot proceed without the Attorney General ("AG") pursuant to Guam's Organic Act, 48 U.S.C.A. §1421g(d)(1); (2) that Plaintiffs are required to follow the steps in the Guam Procurement Law, 5 GCA § 5121, for hiring outside counsel; and (3) that Plaintiffs are required to comply with the Procurement Law's dispute resolution procedures. *Id.* at 11, 12, & 14. KEWP argues the failure of Plaintiffs to adhere to these procedures indicates that this action was improperly filed, raising serious questions of law which favors a stay of this

action. While a stay is granted for the parties to convene for the Section 27 meeting, the Court disagrees that this action cannot proceed absent the AG or outside hire procedures.

### a. Because GPA is not a party to this litigation, the AG does not need to be involved.

Guam's Organic Act provides that "The Attorney general of Guam shall be the Chief Legal Officer of the Government of Guam." 48 U.S.C.A. § 1421g(d)(1) (West 2019). Further, GPA's enabling statute provides that "The Attorney General shall represent the Authority in litigation concerning the affairs of the Authority." 12 GCA § 8112 (emphasis added). Fatal to KEWP's argument here is that GPA is not a party to this case. GPA is a plaintiff only in name, as permitted by subrogation principles. *See* Motion to Disqualify at Part A. As such, the AG does not need to be involved in this litigation since GPA is not a party to this matter. Further, Plaintiffs do not need to serve the AG with process. *See* 5 GCA § 6209. KEWP's argument fails here.

### b. Because GPA is not a party to this litigation, Plaintiffs do not need to comply with the outside hire procedures.

KEWP's argument for mandatory hiring procedures fails for the same reason. Guam's Procurement Law provides that "No contract for the services of legal counsel in the Executive Branch shall be executed without the approval of the Attorney General." 5 GCA § 5121(b). However, GPA is not a party to this litigation. The Court sees no reason for Plaintiffs, **private entities**, to comply with hiring procedures inapplicable to them, and the Court does not see how Plaintiffs could go about doing so. KEWP's argument further fails here.

### c. Because GPA is not a party to this litigation, Plaintiffs do not need to comply with the Procurement Law's dispute resolution procedures.

As indicated by the plain language of the statute, the Procurement Law only applies to "controversies <u>between the Territory and a contractor</u> and which arise under, or by virtue of, a contract between them." 5 GCA § 5427(a) (emphasis added). As explained, there is no controversy between a Territory (GPA) and a contractor (KEWP) here, as this action is brought in subrogation; the instant litigation is between GPA's insurers, Plaintiffs, and KEWP. The Court does not find that GPA's insurers qualify as a "Territory" under the statute, nor KEWP asserted that Plaintiffs qualify as a "Territory" under the statute. Because Plaintiffs are not part of the "Territory" under the statute and because GPA is not a party to this action, the Procurement Law is inapplicable.

**d.      KEWP's further arguments raised in the Reply are unpersuasive.**

KEWP argues the administrative procedures asserted are best suited to determine the questions of the PMC interpretation. Reply at 5. KEWP, in Parts C(1), (2), and (3), asserts its interpretation of the PMC indicates KEWP will likely succeed on the merits. Once more, fatal to this argument is the fact that since GPA is not a party in its own right in this litigation, such administrative remedies are not applicable to Plaintiffs. The success of KEWP's interpretation of the PMC is not for an agency under the Procurement Law to determine. Rather, it is the trier of fact in this litigation to determine the true interpretation of the PMC, assuming this litigation continues due to the parties not reaching settlement at the Section 27 meeting.

To borrow from Plaintiffs' Opposition, KEWP attempts to force a square peg into a round hole. Opposition at 10. The fact that GPA is not a party in its own right, being a party only in subrogation, causes KEWP's arguments to fail. KEWP has failed to "serious legal questions," a "reasonable probability" or "fair prospect" of success on the merits, or "a substantial case on the merits." *Maharaj v. Ashcroft*, 295 F.3d 963, 966 (9th Cir. 2002);

*Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010); *Hilton v. Barunskill*, 481 U.S. 770, 778 (1987).

Therefore, the Court finds KEWP has not made a strong showing that it is likely to succeed on the merits.

**2.    KEWP will not be irreparably injured absent a stay.**

In regard to this factor, KEWP carries the burden of showing that irreparable injury is likely, not just possible, in the absence of a stay. *United States v. Gov't of Guam*, 2017 WL 1347667, at *10 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 375 (2008)). KEWP asserts that because it is barred from making any counterclaims in this matter, KEWP will be irreparably harmed if a stay is not granted. Motion to Stay at 18. Plaintiffs respond that KEWP has the opportunity to assert its claims against Plaintiffs under subrogation laws. Opposition at 12-13. The Court finds KEWP has not met its burden for this factor.

The Court is not convinced that KEWP has no path to recovery in this matter. As Plaintiffs explain, because Plaintiffs "stand in the shoes" of GPA in subrogation, KEWP has the opportunity to counterclaim against Plaintiffs for any relief owed. Still, KEWP asserts "this action will be a one-sided affair, with only Plaintiffs able to assert their claims." Motion to Stay at 18. Even though Plaintiffs explain, and subrogation law clearly provides for, that KEWP can counterclaim against Plaintiffs, KEWP asserts it has the right to choose from who it receives recovery: ". . . but it is EWP's choice who to hold responsible for GPA's failure to enforce the agreed upon allocation of fire risk to the insurers. GPA will be a counterclaim defendant in this action." Reply at 5 (emphasis in original).

First, KEWP cites no law in support of this proposition. Second, KEWP's belief that only Plaintiffs can pursue their claim, leaving KEWP with nothing, is unsupported by the facts

and law. KEWP clearly has a path for recovery. Further, if KEWP is insistent on recovering from GPA, it would not be as a counterclaim, since GPA is not a party in its own right to this litigation. KEWP certainly has the option to bring a third-party complaint against GPA as a third-party defendant in its own right. Absent a third-party complaint, KEWP is within its rights to bring any counterclaims it has against Plaintiffs.

Therefore, the Court finds KEWP will not be irreparably injured absent a stay.

**3.      GPA will be injured if a stay is granted, but it is uncertain as to whether such injury would be substantial.**

KEWP argues Plaintiffs will suffer no harm if a stay is granted and that any harm suffered is due to Plaintiffs' failure to comply with the administrative procedures required and the PMC. Motion to Stay at 18. However, as explained, the administrative procedures mentioned are not applicable to Plaintiffs. The Court foresees attempts to comply with such procedures failing as Plaintiffs, as non-governmental entities, have no duty nor right to utilize such procedures. Granting a stay to exhaust such remedies, with a substantial chance of failure, would only cause Plaintiffs to expend costs in attorney's fees for something they did not need to do in the first place.

The standard, pursuant to *Nken*, is not whether Plaintiffs will be irreparably injured but rather whether Plaintiffs will be substantially injured. 556 U.S. 418, 433 (2009). As the issue was not addressed in Plaintiffs' Opposition, it is difficult to determine whether such a fruitless pursuit of inapplicable administrative remedies would cause **substantial** injury. It may be that Plaintiffs expend great resources trying to comply with these inapplicable remedies, but it also may be that a simple letter will dispose of the matter, causing only a small burden upon Plaintiffs.

Therefore, the Court finds GPA will be injured if a stay is granted, but it is uncertain as to whether such injury would be substantial. In the factor analysis, this factor does not weigh in favor of nor against a stay.

### 4. The public's interest does not favor a stay of this matter.

KEWP argues it is in the public interest to grant a stay for two reasons: (1) the AG, as counsel for the government and GPA by law, should represent the publics' interests and (2) a stay would promote settlement outside of court by requiring GPA to utilize the administrative procedures applicable under law. Motion to Stay at 19. Plaintiffs respond that because the administrative procedures complained of are not applicable, a stay of this action will only delay litigation, serving no public purpose. Opposition at 13. KEWP replies, arguing the AG is required to be counsel for Plaintiffs and that the administrative procedures apply here. Reply at 10. The Court disagrees.

As explained, GPA is not a party to this litigation in its own right. KEWP asks the Court to require Plaintiffs to comply with procedures not applicable to them. This would only serve to waste the public resources. Public agencies will be required to spend time and effort in trying to figure out how to apply a public procedure to a private entity. Such agencies will be unable to do so and will only waste resources in its attempt. On a similar note, the AG will be required to spend time trying to figure out the proper procedure for representing Plaintiffs, **private entities**, in this matter. The AG will be unable to do so and will only waste resources in its attempt.

Therefore, the Court finds the public's interest does not favor a stay of this matter.

### C. The Court has jurisdiction over this matter.

KEWP asserts in its reply and during oral argument that the Court does not have jurisdiction over this matter and should thus dismiss this case *sua sponte*. KEWP argues the

Court does not have jurisdiction for four reasons: (1) Plaintiff's needed to obtain approval from the AG prior to filing suit; (2) Plaintiff's needed to follow the outside hire procedures; (3) service of process was required to be made upon the AG prior to filing suit; and (4) Plaintiffs failed to have the Section 27 meeting and exhaust administrative remedies. For the reasons stated throughout this Decision and Order, KEWP's arguments fail.

The Court's explanations in Part B(1) apply here. Plaintiffs were not required to obtain approval from the AG prior to bringing suit. Plaintiff's, as private entities, were not required to follow hiring procedures applicable to the government. Plaintiffs were not required to affect service of process upon the AG. Plaintiffs are not required to exhaust administrative remedies inapplicable to them.

The assertion KEWP succeeds on is the fact that the Section 27 meeting did not occur. On this point, however, KEWP has failed to explain how this court lacks the power to issue a stay for such a meeting to occur, warranting dismissal of the action. It has already been well established that courts have the power to issue stays. *See ATSA of Cal. v. Cont'l Ins. Co.*, 702 F.2d 172, 176 (9th Cir. 1983). The Court sees no reason to ignore this precedent in favor of dismissing the current action.

## CONCLUSION

Plaintiffs do not object to a stay for a Section 27 meeting to occur, and the Court finds KEWP has not satisfied its burden in demonstrating the *Nken* factors weigh in favor of a stay. Further, the Court has jurisdiction over this matter and sees no reason to dismiss the case. For the reasons stated above, the KEWP's Motion to Stay is **GRANTED** in part and **DENIED** in part. The Court grants KEWP's request to stay the action for a reasonable time for the Section

meeting to occur. The Court denies KEWP's request to stay the action for exhaustion of administrative remedies.

**IT IS SO ORDERED** this 30th day of October, 2019.



HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

P''ICE VIA COURT BOX

dge that a copy of the
reto was placed in the

TARPLEY, CALVO FISHER

CIVIL

10/30/19    12pm

Deputy Clerk, Superior Court of Guam